**Carlos Enrique CARDONA–RIVAS, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–71601.

Agency No. A75–310–026.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Nov. 5, 2004.

Decided May 4, 2005.

Amos Lawrence, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

of the District Counsel, San Francisco, CA, William Campbell Erb, Jr., Mark C. Walters, Mary Jane Candaux, Anh-Thu P. Mai, Victor M. Lawrence, DOJ-U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

### MEMORANDUM**

Petitioner Carlos Enrique Cardona–Rivas ("Cardona"), a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the denial of his claims for asylum and withholding of removal. The BIA determined that Cardona was a "persecutor of others" on the basis of their political opinion, and was therefore statutorily barred from receiving asylum or withholding of removal relief. Thus, the BIA has yet to address the merits of Cardona's requests for asylum or withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant Cardona's petition. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

Cardona argues that the Immigration Judge ("IJ") erred in crediting the hearing testimony of an asylum officer—who referred to notes taken from Cardona's initial asylum interview, which was conducted through the aid of a translator—over his own hearing testimony. The IJ concluded:

> In sum, the Court has the respondent's denials that he engaged in persecutorial acts and the Asylum Officer's

persuasive testimony and notes that indeed the respondent testified before her as to facts that would lead to a conclusion that he was indeed one of those persons, whether willingly or unwillingly, who did engage in persecutory acts.... Accordingly, the Court does discount the respondent's testimony and accept the testimony and notes of the Asylum Officer in this case.

The BIA found that "the credible testimony and evidence provided by the asylum officer" supported a finding that [Cardona] had assisted and participated in "persecuting others on account of their political opinion."

We conclude that the IJ did not make an adverse credibility finding with the specificity and support required by our caselaw. The IJ's statement that he "does discount" Cardona's testimony is not an "explicit and direct finding that [Cardona] is untruthful" *Aguilera–Cota v. INS*, 914 F.2d 1375, 1383 (9th Cir.1990). If "the IJ makes implicit credibility observations in passing, ... this does not constitute a credibility finding." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–38 (9th Cir.2004) (citations omitted). "The mere statement that a petitioner is 'not entirely credible' is not enough" to constitute an explicit adverse credibility finding. *Aguilera–Cota*, 914 F.2d at 1383. Because the IJ did not make an explicit adverse credibility finding, we must accept Cardona's hearing testimony as true. *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

To the extent the IJ's statement that he "does discount" Cardona's version of events constitutes an adverse credibility finding, the asylum officer's testimony— based entirely upon her brief notes of a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

translator's version of Cardona's unclear and undeveloped "admissions," which consisted of only a few key words—does not constitute substantial evidence to support such a finding. *See He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003) (stating that adverse credibility findings are reviewed for substantial evidence).

## II

Cardona also contends that the BIA's finding of ineligibility on account of persecution of others is not supported by substantial evidence for two additional reasons. First, Cardona argues that his actions did not constitute "persecution"; second, Cardona asserts that his actions cannot, as a matter of law, constitute persecution "on account of" political opinion because they were directed at armed opponents in a civil conflict and their collaborators. Taking Cardona's hearing testimony as true, we hold his actions did not constitute persecution. Because this issue is dispositive, we need not address whether Cardona's actions constitute persecution "on account of" political opinion as a matter of law.

## III

We conclude that the IJ did not make an explicit adverse credibility finding, but that, in any case, the IJ's decision to discount Cardona's testimony was not supported by substantial evidence. Cardona is therefore not ineligible for asylum as a persecutor of others. Because the IJ terminated proceedings after taking testimony and evidence only regarding the statutory bar, and did not address the merits of Cardona's claim, we must remand to the BIA to consider the merits of Cardona's claim in the first instance. *See INS v. Ventura,* 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that where issues were not considered by the BIA, remand is appropriate).

**PETITION GRANTED; REMANDED TO BIA.**

BETTY B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent.

At the hearing, the Asylum Officer testified, with the assistance of her contemporaneous interview notes, that Cardona–Rivas admitted in his original asylum interview to having committed violent acts against civilians perceived to be aiding guerilla forces. Specifically, the asylum officer reported that Cardona–Rivas stated that "we would punish [the villagers] by beating the parents, children or cutting them up. We received these orders from our superiors [and] we had to do it or be punished ourselves."

The majority criticizes the IJ and BIA for not making explicit adverse credibility findings. I disagree. The IJ expressly stated that he credited the testimony of the Asylum Officer over that of Cardona–Rivas. He justified this determination by stating that the Asylum Officer's testimony was coherent and plausible, and that her credibility was bolstered by her forthright admissions of incomplete recollection. Her notes, made contemporaneously, were specific and detailed. In contrast, the IJ found Cardona–Rivas' testimony to be "vague and difficult to follow." The BIA echoed these findings, and also found Cardona–Rivas' answers to questions "non-responsive." These findings are supported by the record, as the hearing transcript evidences numerous non-responsive and seemingly evasive answers by Cardona–Rivas to direct questions about his actions in Guatemala. Rather than address the questions posed, he frequently blamed the preparer of his asylum application or his

translator friend who accompanied him to his asylum interview.

In sum, I would hold that the BIA's decision that Cardona–Rivas is statutorily barred from consideration for asylum on account of his past persecution of others was supported by substantial evidence. I would therefore deny the petition for review.